H. F. WALTER, TRADING AS WALTER & GURLEY AUCTION COMPANY, v. MATTIE L. WINECOFF AND D. K. WINECOFF.

(Filed 2 November, 1938.)

**1. Appeal and Error § 6g—**

Appellants may not complain of the charge relative to an issue answered in their favor.

**2. Contract § 23: Brokers § 12—Charge in this action for damages for breach of brokerage contract held sufficiently full.**

In this action for damages for breach of a brokerage contract the issue as to the execution of the contract was answered in the affirmative by consent. Plaintiff contended that he secured a prospective purchaser and then found defendants had breached the contract by selling the land. Defendants contended that at the time the brokerage contract was exe-

cuted they were negotiating for the sale to their purchaser and that plaintiff and defendants agreed that the brokerage contract should not be effective if defendants were able to consummate that sale. The court properly placed the burden of proof on the issue relating to the alleged condition precedent on defendants, stated the evidence relating thereto, and declared and explained the law arising thereon. *Held:* The controverted question was the existence of the alleged condition precedent, and not what constitutes a contract, and defendants' exception to the charge on the ground that it failed to define the word "contract" and failed to declare and explain the law arising on the evidence, C. S., 564, is without merit.

APPEAL by defendants from *Frizzelle, J.,* at May Term, 1938, of LENOIR. No error.

*John G. Dawson and J. A. Jones for plaintiff, appellee.*
*Hartsell & Hartsell and W. S. Bogle for defendants, appellants.*

SCHENCK, J. This is an action to recover damages for alleged breach of contract to pay commissions upon the sale of real estate. The plaintiff alleges that the defendants contracted in writing to employ the plaintiff to sell a certain tract of land in Cabarrus County and agreed therein to pay the plaintiff certain commissions on the amount realized upon sale or sales made by him, and that while plaintiff was making preparation for an auction sale of the land, and within a few days after the signing and delivery of the contract, the defendants sold the lands to a third party, thereby rendering the performance of such contract impossible. The defendants while admitting that they signed and delivered to the plaintiff a paper writing purporting to be such a contract, allege that the delivery of such paper writing was made with the understanding and upon the condition that the same was to be ineffective and void if defendants consummated a sale of the land to one Brown with whom they were then negotiating, and that such a sale to said Brown was consummated in a few days after the signing and delivery of the paper writing to the plaintiff.

The issues submitted and the answers made thereto were as follows:

"1. Did the defendants execute the contract dated 16 April, 1937, as alleged in the complaint? Answer: Yes.

"2. Did the defendants enter into a contract with George C. Brown for the sale of said lands prior to 16 April, 1937? Answer: Yes.

"3. If so, was the contract to the plaintiff signed and delivered upon the condition that it was not to be binding if the contract with George C. Brown was consummated? Answer: No.

"4. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $750.00."

From judgment that the plaintiff recover of the defendants the sum of $750.00, the defendants appealed.

The sole assignment of error is that "The court erred in charging the jury, for that the court did not state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon, as required by section 564 of the Consolidated Statutes, especially in that the court did not define the word 'contract' or tell the jury what a contract is and in that he did not explain the law that if the jury should find that there was a condition precedent to the signing of the contract of sale, to wit, that if the trade to Brown was consummated, then the contract to the plaintiff would be inoperative, which was the defendants' whole defense; in that the court did not declare and explain the law on any of the issues."

The first issue was answered by consent, thereby eliminating the necessity for any statement of the evidence and explanation of the law relating to it.

The second issue having been answered in favor of the defendant appellant, any omission in the charge relative to it became immaterial.

The third issue, as stated by his Honor, "largely becomes the crux of the matter." The defendants, upon whom the court properly placed the burden of proof of this issue, offered their own testimony and the testimony of others tending to show that prior to the signing and delivery of the paper writing to the plaintiff they told him of the negotiations they were having with one Brown and exhibited to him a check of Brown that they held as part payment for the land if the sale was consummated, and that when the plaintiff took the paper writing he assured the defendants that in the event they consummated the sale to Brown their contract with him would be ineffectual and he (the plaintiff) would destroy the paper writing delivered to him. On the other hand the plaintiff testified and offered other evidence tending to show that he never heard of any negotiations between the defendants and Brown until he had secured an offer for the land as a whole and had gone to so inform the defendants and ask them if they cared to accept such offer, when he was informed by the defendants that they had sold the land to Brown. The real controversy in this case was whether the defendants gave the plaintiff notice of their negotiations with Brown and made as a condition precedent to the validity of the paper writing delivered to the plaintiff the failure to consummate a sale to Brown. His Honor stated the evidence upon this controversy in a plain and correct manner, and declared and explained the law arising thereon. There was no prayer for special instruction, and no omission to charge upon any substantial feature of the issue. There was no controversy between the parties as to what it took to constitute a contract, the sole question of

difference was whether the paper writing purporting to be a contract with the plaintiff was signed and delivered upon the condition that it was not to be binding upon the defendants if their contract with Brown was consummated. The answer to this question was for the determina-tion of the jury, with the burden of proof upon the defendants, and this the court clearly explained to the jury.

As to the charge upon the fourth issue relative to the measure of damages the appellants make no objection in their exception or discussion in the brief.

We have carefully examined the charge of the court and we think, and so hold, that it was a substantial compliance with C. S., 564.

In the trial below we find

No error.